# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## COOKVILLE DIVISION

| | | |
|---|---|---|
| **TOMMY RAY CRABTREE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 2:09-cv-00108** |
| **v.** | ) | **Judge Wiseman / Knowles** |
| | ) | |
| **MICHAEL ASTRUE,** | ) | |
| **Commissioner of Social Security** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff was not disabled and denying Plaintiff Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under the Social Security Act ("the Act"), as amended. The case is currently pending on Plaintiff's Motion for Judgment on the Administrative Record. Docket No. 17. Defendant has filed a Response, arguing that the decision of the Commissioner was supported by substantial evidence and should be affirmed. Docket No. 19.

For the reasons stated below, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be DENIED, and that the decision of the Commissioner be AFFIRMED.

## I. INTRODUCTION

Plaintiff filed his applications for DIB and SSI on May 10, 2006, alleging that he had

Case 2:09-cv-00108   Document 20   Filed 07/16/10   Page 1 of 21 PageID #: 73

been disabled since May 15, 2005, due to pain in his lower back and left leg, numbness in his hands and arms, and hypertension. Docket No. 14, Attachment ("TR"), TR 16, 95-105, 136-139. Plaintiff's applications were denied both initially (TR 41, 42) and upon reconsideration (TR 43, 44). Plaintiff subsequently requested (TR 57) and received (TR 73-84) a hearing. Plaintiff's hearing was conducted on September 23, 2008, by Administrative Law Judge ("ALJ") Joan Lawrence. TR 22-39. Plaintiff and Vocational Expert ("VE") Ernest Brewer appeared and testified. *Id.*

On February 27, 2009, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. TR 11-21. Specifically, the ALJ made the following findings of fact:

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2006.

2. The claimant has not engaged in substantial gainful activity since May 15, 2005, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: disorder of back and hypertension (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he needs a sit/stand option every 15 to 30 minutes, and he is precluded from more than occasional bending, crouching, crawling kneeling, and climbing ladders. He should avoid vibrations

2

and humidity.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on August 18, 1971 and was 33 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 15, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

TR 16-21.

On April 2, 2009, Plaintiff timely filed a request for review of the hearing decision. TR 8. On September 18, 2009, the Appeals Council issued a letter declining to review the case (TR 1-5), thereby rendering the decision of the ALJ the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. §§ 405(g) and 1383(c)(3). If the Commissioner's findings are supported by substantial evidence, based upon

3

the record as a whole, then these findings are conclusive.  *Id.*

## II.  REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of Record.  Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## III.  CONCLUSIONS OF LAW

### A.  Standards of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process.  *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991).  The purpose of this review is to determine (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision.  *Landsaw v. Secretary*, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion."  *Her v. Commissioner*, 203 F.3d 388, 389 (6th Cir. 1999) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance."  *Bell v. Commissioner,* 105 F.3d 244, 245 (6th Cir. 1996) (*citing Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  In fact, even if the evidence could also support a different conclusion, the decision of the Administrative Law Judge must stand if substantial evidence

4

supports the conclusion reached.  *Her*, 203 F.3d at 389 (*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined.  *Hurst v. Secretary*, 753 F.2d 517, 519 (6th Cir. 1985) (*citing Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980) (*citing Futernick v. Richardson,* 484 F.2d 647 (6th Cir. 1973))).

In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnosis and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience.  *Miracle v. Celebrezze*, 351 F.2d 361, 374 (6th Cir. 1965).

### B.  Proceedings At The Administrative Level

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he or she applied.  42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process as follows:

(1)  If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.

5

(2)  If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.

(3)  If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments[1] or its equivalent.  If a listing is met or equaled, benefits are owing without further inquiry.

(4)  If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations).  By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a *prima facie* case of disability.

(5)  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

20 C.F.R. §§ 404.1520, 416.920 (footnote added).  *See also Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination.  *Id.*  In such cases where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's *prima facie* case by coming forward with

---

[1]The Listing of Impairments is found at 20 C.F.R., Pt. 404, Subpt. P, App. 1.

Case 2:09-cv-00108   Document 20   Filed 07/16/10   Page 6 of 21 PageID #: 78

particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert testimony. *See Varley v. Secretary*, 820 F.2d 777, 779 (6th Cir. 1987).

In determining residual functional capacity for purposes of the analysis required at stages four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments; mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. § 423(d)(2)(B).

### C.  Plaintiff's Statement Of Errors

Plaintiff contends that the ALJ erred in: (1) rejecting the opinions of treating physician Dr. Kenneth Beaty and treating neurological surgeon Dr. Everette Howell; (2) evaluating Plaintiff's credibility and subjective complaints of pain; and (3) not questioning Vocational Expert Ernest Brewer regarding how Plaintiff's use of a cane would affect his ability to work. Docket No. 18.  Plaintiff further argues that the Appeals Council should have considered Dr. Howell's post-hearing submission. *Id.*  Accordingly, Plaintiff maintains that, pursuant to 42 U.S.C. § 405(g), the Commissioner's decision should be reversed, or in the alternative, remanded. *Id.*

Sentence four of § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can

7

be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994).

## 1. Weight Accorded to the Opinions of Drs. Beaty and Howell

Plaintiff argues that the ALJ erred in rejecting the opinions of treating physician Dr. Kenneth Beaty and treating neurological surgeon Dr. Everette Howell. Docket No. 18.

Defendant responds that the ALJ properly weighed the opinions of Drs. Beaty and Howell because their opinions conflicted with other evidence of record. Docket No. 19.

Dr. Beaty examined and treated Plaintiff for several years. TR 199-204, 218-227, 237-258. On January 5, 2007, Dr. Beaty completed a physical capacities evaluation of Plaintiff, in which he opined that Plaintiff was unable to sit or stand for more than one hour at a time; sit or stand for more than two hours total out of an eight-hour workday; or use his feet or legs for repetitive movements. TR 225-226. Dr. Beaty further opined that Plaintiff could rarely lift up to nine pounds, and could never lift more; could rarely carry up to four pounds, and could never carry more; could rarely bend and reach above his shoulders, but could never squat, crawl, or climb; and was totally restricted at unprotected heights and around moving machinery. *Id.* Noting that Plaintiff had "attempted to go back to work with the result being severe pain and [having] to use a cane," Dr. Beaty concluded that Plaintiff "has total disability from failed back syndrome." TR 226.

8

Dr. Howell also examined and treated Plaintiff for an extensive period of time. TR 185, 189-193, 195-197, 229-232, 235. Dr. Howell performed back surgery on Plaintiff on July 26, 2005. TR 195-196. Dr. Howell's treatment notes following the operation indicate that Plaintiff was regularly given refills of his medications. *See, e.g.,* TR 184. Plaintiff reported that the medications helped, but did not "take the pain away." *See* TR 158. Plaintiff did not report experiencing side effects of those medications. Dr. Howell's treatment notes also reflect that, by July 31, 2006, Plaintiff was no longer using a cane to walk. TR 227. On October 26, 2006, Dr. Howell opined that Plaintiff was "unable to work permanently due to failed back syndrome." TR 235. Although Dr. Howell opined in October 2006 that Plaintiff was "unable to work permanently due to failed back syndrome" (TR 235), he noted in November 2006, just one month later, that Plaintiff's x-rays and MRIs did "not show any evidence of any ruptured disc" (TR 232).

With regard to the evaluation of medical evidence, the Code of Federal Regulations states:

> Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (d)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.
> (1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
> (2) Treatment relationship. Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques *and is not inconsistent*

> *with the other substantial evidence in your case record*, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. ...
>
> (3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion. ...
>
> (4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.
>
> (5) Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.
>
> ...

20 C.F.R. § 416.927(d) (emphasis added). *See also* 20 C.F.R. § 404.1527(d).

As the regulations state, the ALJ is not required to give controlling weight to a treating physician's evaluation when that evaluation is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 416.927(d)(2) and 20 C.F.R. § 404.1527(d)(2). Instead, when there is contradictory evidence, the treating physician's opinion is weighed against the contradictory evidence under the criteria listed above. *Id.* When the opinions of physicians are inconsistent with each other, the final decision regarding the weight to be given to the differing opinions lies with the Commissioner. 20 C.F.R. § 416.927(e)(2).

Although Drs. Beaty and Howell are Plaintiff's treating physicians, the ALJ did not accord great weight to their opinions because he found that their opinions lacked evidentiary support. Specifically, the ALJ noted:

> Dr. Beaty gave a function by function assessment that . . . noted that the claimant was totally disabled from failed back syndrome associated with back surgery in 2005. He noted that the claimant attempted to go back to work laying brick with the result being

10

severe pain and having to use a cane. Also, Dr. Howell did not give a function by function assessment, but opined that the claimant was unable to work in 2006. The doctors apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported. Yet, as explained elsewhere in this decision, such as the physicians' progress notes; there exist good reasons for questioning the reliability of the claimant's subjective complaints. The doctor's report appears to contain inconsistencies, and the doctor's opinion is accordingly rendered less persuasive. . . .

TR 19.

Finding the opinions of Drs. Beaty and Howell to be unsupported, the ALJ instead accorded great weight to the opinion of DDS reviewing physician Dr. Saul Juliao, who conducted a physical residual functional capacity assessment of Plaintiff on June 27, 2006. TR 19, 207-214. After reviewing the medical testing of record, Dr. Juliao found that Plaintiff retained an RFC for light work. TR 208-211. Specifically, Dr. Juliao opined that Plaintiff was able to occasionally lift or carry twenty pounds, frequently lift or carry ten pounds, stand or walk for a total of six hours out of an eight-hour workday, and sit for a total of six hours out of an eight-hour workday. TR 208. Dr. Juliao further opined that Plaintiff was unlimited in pushing and pulling and that Plaintiff could occasionally perform all postural activities except climbing ramps and stairs and balancing, which Plaintiff could do frequently. TR 208-209. Finally, Dr. Juliao opined that Plaintiff had no manipulative, visual, or communicative limitations, and that Plaintiff's only environmental limitation was avoiding concentrated exposure to vibration. TR 211. Dr. Juliao found Plaintiff's allegations of pain and fatigue "partially credible." TR 208.

On December 2, 2006, Dr. James Lester affirmed Dr. Juliao's findings, and also noted a "possible credability [*sic*] issue." TR 215.

Because the ALJ found the opinions of Drs. Beaty and Howell to be unsupported by, and inconsistent with, other evidence of record, the regulations do not mandate that the ALJ accord their opinions evaluations controlling weight. Accordingly, Plaintiff's argument fails.

## 2. Plaintiff's Credibility

Plaintiff argues that the ALJ erred in evaluating Plaintiff's credibility with regard to his allegations of pain. Docket No. 18. Specifically, Plaintiff argues that the ALJ should have credited Plaintiff's allegations of pain because they were supported by the opinions of Drs. Beaty and Howell. *Id.*

Defendant responds that the ALJ properly evaluated Plaintiff's complaints of pain. Docket No. 19. Specifically, Defendant argues that the ALJ properly found Plaintiff less than fully credible because Plaintiff made a number of statements that were inconsistent with other evidence in the record. *Id.*

The Sixth Circuit has set forth the following criteria for assessing a plaintiff's allegations of pain:

> [S]ubjective allegations of disabling symptoms, including pain, cannot alone support a finding of disability...[T]here must be evidence of an underlying medical condition *and* (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition *or* (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

*Duncan v. Secretary*, 801 F.2d 847, 853 (6th Cir. 1986) (*quoting* S. Rep. No. 466, 98th Cong., 2d Sess. 24) (Emphasis added); *see also* 20 C.F.R. §§ 404.1529, 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled...."); and *Moon v. Sullivan*, 923 F.2d 1175, 1182-83 ("[T]hough Moon alleges fully disabling and debilitating

12

symptomology, the ALJ, may distrust a claimant's allegations...if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other."). Moreover, "allegations of pain...do not constitute a disability unless the pain is of such a debilitating degree that it prevents an individual from engaging in substantial gainful activity." *Bradley v. Secretary*, 862 F.2d 1224, 1227 (6th Cir. 1988).

When analyzing the claimant's subjective complaints of pain, the ALJ must also consider the following factors and how they relate to the medical and other evidence in the record: the claimant's daily activities; the location, duration, frequency and intensity of claimant's pain; the precipitating and aggravating factors; the type, dosage and effect of medication; and the other treatment or measures to relieve pain. *See Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994) (*construing* 20 C.F.R. § 404.1529(c)(3)). After evaluating these factors in conjunction with the evidence in the record, and by making personal observations of the claimant at the hearing, an ALJ may determine that a claimant's subjective complaints of pain and other disabling symptoms are not credible. *See, e.g., Walters v. Commissioner,* 127 F.3d 525, 531 (6th Cir. 1997); *Blacha v. Secretary*, 927 F.2d 228, 230 (6th Cir. 1990); and *Kirk v. Secretary,* 667 F.2d 524, 538 (6th Cir. 1981).

In the case at bar, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent that they contradicted Dr. Juliao's residual functional capacity assessment and Plaintiff's own testimony. TR 18.

In finding Plaintiff less than fully credible, the ALJ considered Plaintiff's allegations in

13

light of the medical and testimonial evidence, including the effectiveness of medication and

treatment, pursuant to 20 C.F.R. § 404.1529(c)(3)(iv)-(v). TR 19. The ALJ noted that Plaintiff

had not attended a pain clinic, and had not been referred to one by his physicians. *Id.* The ALJ

further noted that Plaintiff had routinely been prescribed refills of his pain medication. TR 19;

*see, e.g.*, TR 184, 189, 190, 199, 200. The ALJ also noted that a December 15, 2005 MRI

showed postsurgical changes with no evidence of any other abnormalities. TR 19, 185. The

ALJ did "not imply that [Plaintiff] is symptoms-free," but found that "the medical evidence does

not document a continuing impairment of incapacitating proportions, *i.e.*, one which would

produce pain of such intensity that the ordinary physical activity to perform basic work-related

functions would be impossible or contraindicated for a continuous period of twelve months or

more." TR 19.

    The ALJ also considered Plaintiff's reported daily activities in assessing Plaintiff's

credibility, pursuant to 20 C.F.R. § 404.1529(c)(3)(i). TR 19-20. After reviewing Plaintiff's

reported daily activities, the ALJ specifically noted that, "[o]ne would not reasonably anticipate

that a person who experiences no side effects from prescribed medications to have the degree of

pain alleged, the level of concentration, or the amount of social interaction necessary to perform

many activities he reported such as having enough social stability to have an ongoing

relationship with a girlfriend, or play his guitar." TR 20, 31-32.

    Additionally, the ALJ noted that statements made by Plaintiff were inconsistent with

other evidence in the record. Plaintiff testified in his hearing that he had not tried to work any

jobs since 2005. TR 36. Dr. Beaty's treatment notes from July 31, 2006, however, indicate that

Plaintiff "is now working." TR 227. Dr. Beaty's treatment notes from November 6, 2006 note

that Plaintiff "has quit working again due to pain." TR 219. Additionally, Dr. Beaty noted in an outpatient visit record dated June 16, 2008 that, two days earlier, Plaintiff had been "working laying bricks." TR 250.

As can be seen, the ALJ's decision specifically addresses in great detail not only the medical evidence, but also Plaintiff's testimony and his subjective claims, clearly indicating that these factors were considered. The ALJ's decision properly discusses Plaintiff's "activities; the location, duration, frequency and intensity of claimant's pain; the precipitating and aggravating factors; the type, dosage and effect of medication; and the other treatment or measures to relieve pain." *Felisky*, 35 F.3d at 1039 (*construing* 20 C.F.R. § 404.1529(c)(2)). It is clear from the ALJ's detailed articulated rationale that, although there is evidence which could support Plaintiff's claims, the ALJ chose to rely on medical findings that were inconsistent with Plaintiff's allegations. This is within the ALJ's province.

The ALJ, when evaluating the entirety of the evidence, is entitled to weigh the objective medical evidence against Plaintiff's subjective claims of pain and reach a credibility determination. *See, e.g., Walters,* 127 F.3d at 531; and *Kirk v. Secretary,* 667 F.2d 524, 538 (6th Cir. 1981). An ALJ's findings regarding a claimant's credibility are to be accorded great weight and deference, particularly because the ALJ is charged with the duty of observing the claimant's demeanor and credibility. *Walters,* 127 F.3d at 531 (*citing Villarreal v. Secretary,* 818 F.2d 461, 463 (6th Cir. 1987)). Discounting credibility is appropriate when the ALJ finds contradictions among the medical reports, the claimant's testimony, the claimant's daily activities, and other evidence. *See Walters*, 127 F.3d at 531 (*citing Bradley,* 682 F.2d at 1227; *cf King v. Heckler*, 742 F.2d 968, 974-75 (6th Cir. 1984); and *Siterlet v. Secretary*, 823 F.2d 918, 921 (6th Cir.

15

1987)).  If the ALJ rejects a claimant's testimony as not credible, however, the ALJ must clearly state the reasons for discounting a claimant's testimony (*see Felisky*, 35 F.3d at 1036), and the reasons must be supported by the record (*see King*, 742 F.2d at 975).

After assessing all the objective medical evidence, the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent that they were inconsistent with Dr. Juliao's residual functional capacity assessment and Plaintiff's own testimony. TR 18.  As has been noted, this determination is within the ALJ's province.

The ALJ observed Plaintiff during his hearing, assessed the medical records, and reached a reasoned decision; the ALJ's findings are supported by substantial evidence and the decision not to accord full credibility to Plaintiff's allegations was proper.  Therefore, this claim fails.

## 3. The ALJ's Questioning of Vocational Expert

Plaintiff argues that the ALJ erred in not questioning Vocational Expert Ernest Brewer regarding Plaintiff's use of a cane and the effect that use would have on Plaintiff's ability to work.  Docket No. 18.

Defendant responds that the ALJ properly questioned Mr. Brewer because the record shows that Plaintiff only used a cane sporadically.  Docket No. 19.  Defendant further argues that there is no evidence in the record that the sporadic use of a cane would eliminate a substantial number of jobs identified by the vocational expert.  *Id.*

As discussed above, the ALJ in the case at bar determined that Plaintiff was less than

16

fully credible. Plaintiff testified at his hearing, "I use a cane at all times." TR 35. The ALJ noted, however, that Dr. Beaty's progress note dated July 31, 2006 stated that Plaintiff was "no longer using cane." TR 18, 227. On January 3, 2008, Plaintiff reported to Dr. Beaty that he had not "been using [his] cane and now [his] leg is really burning." TR 245. The ALJ's hypothetical question posed to Mr. Brewer incorporated the limitations that he deemed credible. The Regulations do not require more.

Because the ALJ's hypothetical question accurately represented Plaintiff's limitations as the ALJ deemed credible, the ALJ properly relied on the VE's answer to the hypothetical question to prove the existence of a significant number of jobs in the national economy that Plaintiff could perform. *See Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *Hardaway v. Secretary*, 823 F.2d 922, 927-928 (6th Cir. 1987); and *Varley*, 820 F.2d at 779. Accordingly, Plaintiff's claim fails.

## 4. Plaintiff's Post-Hearing Submissions

Plaintiff argues that the evidence submitted to the Appeals Council after Plaintiff's hearing (Docket No. 18-1) constitutes new and material evidence not previously included in the record, requiring remand pursuant to Sentence Six of 42 U.S.C. § 405(g). Docket No. 18.

Defendant responds that, despite Plaintiff's assertions to the contrary, the Appeals Council marked the post-hearing submissions as exhibits for inclusion in the administrative record (TR 5), and considered them but found them to be unpersuasive (TR 1-2). Docket No. 19.

Along with his request for reconsideration of the ALJ's unfavorable decision, Plaintiff submitted to the Appeals Council a June 2, 2009 Medical Source Statement from Dr. Howell and a June 16, 2009 Medical Source Statement from Dr. Beaty. TR 5. Plaintiff contends that these

Medical Source Statements constitute new and material evidence that should have been considered by the Appeals Council.  Docket No. 18.

On September 18, 2009, the Appeals Council issued a letter denying Plaintiff's request for review of the ALJ's decision.  TR 1-5.  The Appeals Council's letter also specifically stated as follows:

> In looking at your case, we considered the reasons you disagree with the decision *and the additional evidence* listed on the enclosed Order of Appeals Council.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> *The medical evidence received with the request for review does not provided* [*sic*] *any new and material objective findings to show and increase in the severity of your impairments* that was not previously considered by the Administrative Law Judge.

TR 1-2.  (Emphasis added.)

The regulations provide that where new and material evidence is submitted with the request for review, the entire record will be evaluated and review granted where the Appeals Council finds that the ALJ's actions, findings, or conclusions are contrary to the weight of the evidence.  20 C.F.R. § 416.1470.  Contrary to Plaintiff's assertions, the Appeals Council did consider the June 2009  Medical Source Statements from Drs. Beaty and Howell.  TR 1-2. After reviewing the additional evidence submitted by Plaintiff and the record as a whole, the Appeals Council determined that there was no basis under the regulations for granting Plaintiff's review. *Id.*

As noted above, Plaintiff seeks a Sentence Six remand, arguing that the June 2009 Medical Source Statements completed by Drs. Beaty and Howell constitute new and material

18

evidence.  Docket No. 18.  Remand for consideration of new and material evidence is appropriate only when the claimant shows that: (1) new material evidence is available; *and* (2) there is good cause for the failure to incorporate such evidence into the prior proceeding.  *Willis v. Secretary*, 727 F.2d 551, 554 (6th Cir. 1984).  Plaintiff can show neither.

As an initial matter, Plaintiff cannot establish that the Medical Source Statements of Drs. Beaty and Howell are material.  "In order for the claimant to satisfy his burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Secretary*, 865 F.2d 709, 711 (6th Cir. 1988) (*citing Carroll v. Califano*, 619 F.2d 1157, 1162 (6th Cir. 1980)).  Plaintiff has failed to satisfy this burden.  The ALJ considered extensive medical records from Drs. Beaty and Howell in reaching her decision.  TR 17-19.  The Medical Source Statements Plaintiff submitted after the ALJ's decision do not contain significantly different findings than the medical records considered by the ALJ.  Rather, they essentially restate the opinions the ALJ previously rejected.  Specifically, the June 2009 Medical Source Statements provide substantially the same evaluation of Plaintiff's capabilities as does Dr. Beaty's January 5, 2007 Treating Source Statement.  *See* TR 225-226; Docket No. 18-1.  The ALJ accorded great weight to the functional capacity assessment performed by Dr. Juliao and affirmed by Dr. Lester, which contradicts both the "new" evidence Plaintiff provides and the originally included medical records from Drs. Beaty and Howell.  TR 207-214, 215.  The opinions of Drs. Juliao and Lester, in addition to other evidence on the record, constitute "substantial evidence" to support the conclusion reached.

As explained above, the ALJ's decision must be supported by "substantial evidence."

19

"Substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion" (*Her*, 203 F.3d at 389 (*citing Richardson*, 402 U.S. at 401)), and has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance" (*Bell*, 105 F.3d at 245 (*citing Consolidated Edison Co.,* 305 U.S. at 229)).

Even if the medical source statements of Drs. Beaty and Howell had been part of the record before the ALJ, there is nothing to indicate that the ALJ would have reached a different conclusion, as "substantial evidence" supports the ALJ's findings and inferences. The ALJ's decision demonstrates that he carefully considered the testimony of both Plaintiff and Vocational Expert Ernest Brewer observed Plaintiff during his hearing, assessed the medical records, and reached a reasoned decision. Additionally, the Appeals Council reviewed the June 2009 Medical Source Statements of Drs. Beaty and Howell, as well as the record as a whole, and expressly determined that the information contained in the June 2009 Medical Source Statements did not warrant changing the ALJ's decision. TR 1-2. Thus, there is no "reasonable probability that the Secretary would have reached a different disposition of the disability claim" if the June 2009 Medical Source Statements of Drs. Beaty and Howell had been part of the record before the ALJ.

For the foregoing reasons, remand pursuant to Sentence Six of 42 U.S.C. § 405(g) is not warranted.

## IV.  RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be DENIED, and that the decision of the Commissioner be AFFIRMED.

20

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. CLIFTON KNOWLES
United States Magistrate Judge